IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DALE SODER, | : | No. 4:CV 06-1522 |
| Plaintiff | : | Judge Jones |
| v. | : | |
| CHARLES FREDRIC CHENOT, III, et. al, | : | |
| Defendants | : | |

MEMORANDUM

**December 13, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss the Complaint of Defendant, Allen Biehler ("the Motion")(doc. 10) filed on November 17, 2006. For the following reasons, the Motion will be granted.

**PROCEDURAL HISTORY:**

*Pro se* Plaintiff Jeffrey Dale Soder ("Plaintiff") filed the instant action in this Court on August 7, 2006 (doc. 1), alleging various civil rights claims pursuant to 42 U.S.C. § 1983 against various Defendants. Defendant Biehler was named as a Defendant in the complaint. Plaintiff was granted *in forma pauperis* status and the United States Marshal to serve the named Defendants.

The instant Motion (doc. 10) was filed by Defendant Biehler on November

1

17, 2006, accompanied by a brief in support of the Motion. (Rec. Doc. 11). To date, the time for filing a brief in opposition to the Motion has elapsed without a filing by the Plaintiff. Pursuant to Local Rule 7.6, a party who fails to file a brief opposing a pending motion shall be deemed not to oppose the Motion. Although we are entitled to grant Defendant Biehler's Motion by operation of L.R. 7.6, we shall undertake a brief analysis of the merits of the Motion for the sake of completeness.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d2 310 (3d

Cir. 1986).

**STATEMENT OF FACTS**:

Accepting the facts alleged in the complaint as true for purposes of the pending Motion, it appears that Plaintiff has had interaction with certain officials in Perry County, Pennsylvania, to which he objects. In particular he asserts that the District Attorney, the local Police Chief, the County Commissioners, and the Borough Mayor and Council have violated his constitutional rights in connection with an alleged assault by the police chief and various forms of alleged harassment by other local officials. No allegations of fact, however, are presented against Defendant Biehler, who is the Secretary of Transportation for the Commonwealth of Pennsylvania.

**DISCUSSION**:

As previously mentioned, Plaintiff's failure to file a brief in opposition to the instant Motion requires this Court to deem the Motion as unopposed. However, in the interests of caution and completeness, we shall briefly discuss the merits of the Motion.

While a plaintiff need not set out in detail the facts upon which he bases his claim in order to satisfy the rules of pleading, Fed. R. Civ. P. 8(a) requires a plaintiff to plead a statement of the claim "that will give the defendant fair notice

of what the plaintiff's claim is and the grounds upon which it rests." Inasmuch as the Plaintiff's complaint contains no factual allegations of personal involvement regarding Defendant Biehler, there is no basis upon which to hold him liable in damages to the Plaintiff. See Rode v. Dellaciprete, 845 F.2d 1196, 1208-1209 (3d Cir. 1988).

Accordingly, for the aforementioned reasons, we shall grant the instant Motion (doc. 10) and dismiss the complaint as against Defendant Biehler. An appropriate Order shall issue.