IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JEFFREY DALE SODER, | : | No.  4:CV 06-1522 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| CHARLES FREDRIC CHENOT, III, et. al, | : | |
| Defendants | : | |

MEMORANDUM AND ORDER

**January 18, 2007**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss of Perry County

Defendants (doc. 15)("the Motion") filed on November 17, 2006 by Defendants

District Attorney Chenot, Lynne E. Chenot, Commissioner John J. Amsler, Jr.,

Alice Ann Amsler, Commissioner Warren R. Van Buskirk, Irene S. Van Buskirk,

Commissioner Edward R. Kennedy and Nada B. Kennedy (collectively "Moving

Defendants").  For the following reasons, the Motion will be granted.

**PROCEDURAL HISTORY**:

*Pro se* Plaintiff Jeffrey Dale Soder ("Plaintiff") filed the instant civil rights

action in this Court on August 7, 2006 (doc. 1), against numerous Defendants

arising out of various alleged criminal actions by members of the Millerstown

Borough Police Department that purportedly occurred in 2003 through the Spring

of 2004.  Plaintiff was granted *in forma pauperis* status and the United States

Marshal was directed to serve the named Defendants.

As aforementioned, the instant Motion (doc. 15) was filed on November 17,

2006.  The Moving Defendants filed a brief in support (doc. 17) of the Motion on

December 4, 2006.  Albeit untimely, Plaintiff filed a brief in opposition (doc. 21) to

the Motion on December 28, 2006.[1]  The Moving Defendants filed a reply brief

(doc. 26) on January 9, 2007.  The Motion is fully briefed and therefore ripe for our

review.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes,

416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to

state a claim argument, a court should "not inquire whether the plaintiffs will

---

[1] In light of the Plaintiff's *pro se* status, we shall, in the interest of justice, consider his brief in opposition and the arguments contained therein in the disposition of the instant Motion.

ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S.

41, 45-46 (1957); <u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d3 310 (3d Cir.

1986).

**<u>STATEMENT OF FACTS</u>**:

 The instant civil rights action filed by Plaintiff against numerous Defendants

arises out of alleged criminal actions by members of the Millerstown Borough

Police Department that purportedly occurred in 2003 through the Spring of 2004.

Plaintiff's sole allegation against District Attorney Chenot is that in the Spring

of 2003 through the Spring of 2004, Defendant Chenot "did nothing to protect the

people in the community in which you took an Oath to protect."  (Rec. Doc. 1 at

¶XVI.

Plaintiff's only allegations against Perry County Commissioners Amsler,

Kennedy and Van Buskirk are those "[o]vert acts committed by Defendants

Amsler, Kennedy . . . and Van Buskirk includes that complained of in the above

paragraphs of this Complaint."  (Rec. Doc. 1 at ¶XXI).  Nevertheless, except to

identify Defendants Amsler, Kennedy and Van Buskirk in Paragraph II of the

Complaint, none of the prior or subsequent allegations of the Complaint specify any acts performed by Defendants Amsler, Kennedy or Van Buskirk with respect to Plaintiff.  Instead, Plaintiff only asserts vague and general allegations regarding their actions in office and the "attempt to impose totalitarian Socialism upon the People."  (Rec. Doc. 1 at ¶XXIII).

In Paragraph XXVII of the Complaint, Plaintiff further identified Defendants Lynne E. Chenot, Alice Ann Amsler, Irene S. Van Buskirk and Nada B. Kennedy as wives of the Perry County Public Officials and suggests in Paragraph XXVIII that they "failed, refused or neglected to protect Plaintiff from the conspiracy of their husbands."

**DISCUSSION**:

    **A.**    **Defendant Chenot**

Defendant Chenot is the District Attorney of Perry County.  It is well established that prosecutors are absolutely immune from suit arising out of actions within their prosecutorial duties.  See Imbler v. Pachtman, 424 U.S. 409 (1976). The Supreme Court rationalized an absolute grant of immunity for prosecutors in because "[e]xposing the prosecutor to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of his work, since the prosecutor might come to see later decisions in

terms of their effect on his potential liability." <u>Kalina v. Fletcher</u>, 522 U.S. 118, 128

(1997)(quoting <u>Malley v. Briggs,</u> 475 U.S. 335, 341-343(1986)).  Further, the

Supreme Court was concerned that "harassment by unfounded litigation would

cause a deflection of the prosecutor's energies from his public duties, and the

possibility that he would shade his decisions instead of exercising the independence

of judgment required by his public trust." <u>Imbler</u>, 424 U.S. at 423.  Thus, it is

firmly established that "acts undertaken by a prosecutor in preparing for the

initiation of judicial proceedings or for trial, and which occur in the course of his

role as an advocate for the State, are entitled to the protections of absolute

immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993).

A reading of Plaintiff's complaint, as well as his brief in opposition to the

instant Motion, makes it plain that Plaintiff's allegation against Defendant Chenot

pertains to his role as the District Attorney of Perry County.  Particularly the

Plaintiff argues that Defendant Chenot "prosecuted every thing he could get his

hands on . . ." (Rec. Doc. 21 at 1). As the above-referenced precedent clearly

indicates, Defendant Chenot is entitled to absolute immunity for acts taken by him

in his role as a prosecutor.

Additionally, Plaintiff argues that Defendant Chenot "did nothing to protect

the people in the community in which [he] took an Oath to protect." (Rec. Doc. 1

at ¶XVI).   However, a prosecutor's decision *not* to prosecute is entitled to the same immunity as his decision *to* prosecute.   See Mitchell v. Harvey, 2006 U.S. Dist. LEXIS 3560, *7 (D.N.J. 2006)(citing Roe v. City & County of San Francisco, 109 F.3d 578 (9th Cir. 1997)).   Accordingly, Defendant Chenot's alleged nonfeasance as a prosecutor is not a cognizable claim and we shall dismiss this action as against Defendant Chenot.

**B.      Defendants Perry County Commissioners Amsler, Kennedy and Van Buskirk**

It is well established that the *respondeat superior* theory of vicarious liability is inapplicable to complaints brought pursuant to the Civil Rights Act, particularly to claims brought pursuant to 42 U.S.C. § 1983.   See Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).   Furthermore, it is well established that a supervisory official's mere failure to at in the face of allegedly unconstitutional conduct committed by a subordinate cannot be the basis for imposition of Section 1983 liability.   See Rizzo v. Goode, 423 U.S. 362, 376 (1976).   In order to establish supervisory liability, a plaintiff must show an "affirmative link" between the supervisor's conduct ad the constitutional deprivation.   Rizzo, 423 U.S. at 371.   Accordingly, supervisory personnel are only liable for the Section 1983 violations of a subordinate if they knew of, participated

in or acquiesced in the subordinate's conduct.  <u>See</u> <u>Capone v. Marinelli</u>, 838 F. 2d

102, 106 n. 7 (3d Cir. 1989)(citing <u>Hampton v. Holmesburg Prison Officials</u>, 546

F.2d 1077, 1082 (3d Cir. 1976)).

The Defendants argue that there is no allegation in the complaint that

Defendants Amsler, Kennedy and Van Buskirk knew of, participated in, or

acquiesced in any type of unconstitutional conduct by any of their subordinates,

nor is there any allegation or evidence of an unconstitutional custom, practice or

usage that might indicate they condoned or authorized the alleged unconstitutional

behavior of a subordinate.  Plaintiff argues that these Defendants were aware of the

alleged unconstitutional conduct of members of the Millerstown Borough Police,

specifically Defendant Richard Curran.  (Rec. Doc. 21 at 2)

Despite Plaintiff's allegation that the Perry County Commissioners "knew" of

Defendant Curran's allegedly unconstitutional behavior, Plaintiff fails to allege that

these Defendants, Perry County Commissioners, had any control over the actions

of the Defendants from Millerstown Borough.  In fact, Perry County and

Millerstown Borough are separate political subdivisions with their own elected

officials and employees. Therefore, not only has Plaintiff failed to establish that

these Defendants affirmatively knew of or condoned any alleged unconstitutional

behavior, but he has also failed to establish a supervisory relationship between

7

Defendants Amsler, Kennedy and Van Buskirk and the Millerstown Borough Defendants.

Furthermore, Plaintiff's bald assertion that these Defendants "attempt to impose totalitarian Socialism upon the People," (doc. 1 at ¶XXIII), is insufficient to state a claim for a violation of Plaintiff's civil rights.

Accordingly, we find that Plaintiff has stated no cognizable claim against Defendants Amsler, Kennedy and Van Buskirk and therefore the Motion will be granted as to them.

### C.   Defendants Alice Ann Amsler, Irene S. Van Buskirk , Nada B. Kennedy and Lynne E. Chenot

In Paragraph XXVII of the complaint, Plaintiff makes the rather astonishing allegation that Defendants Lynne E. Chenot, Alice Ann Amsler, Irene S. Van Buskirk, and Nada B. Kennedy, as wives of the Perry County public officials, "failed, refused or neglected to protect Plaintiff from the conspiracy of their husbands."  From Plaintiff's brief in opposition to the Motion, it is apparent that he brought a claim against the wives of certain Defendants because he was aggrieved that his "Soul-mate . . . Barbara" was criminally prosecuted, allegedly solely based on her association with Plaintiff.  (Rec. Doc. 21 at 2).

Inasmuch as Plaintiff has pled no specific conduct by these Defendants, nor

has he alleged that they acted under color of law, he has stated no cognizable §1983 claim against them, the Motion shall accordingly be granted as to them.

### D.      Statute of Limitations

For the sake of completeness, we shall discuss the Defendants argument that certain of Plaintiff's claims are time-barred.     The Defendants correctly submit that within the context of a motion to dismiss, a statute of limitations defense may be considered where the complaint facially shows noncompliance with the limitations period, and the affirmative defense appears on the face of the pleading.  Young v. City of Allentown, 882 F. Supp. 1490, 1493 (E.D. Pa. 1995).  The applicable statute of limitations for a 42 U.S.C. § 1983 claim for personal injuries is two years. Id; 42 Pa.C.S. § 5524; Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989).   When a plaintiff complains of conduct outside of the two-year limitations period, the plaintiff's actions are barred.  Bougher, 882 F.2d at 79.

Plaintiff filed the instant action on August 7, 2006, therefore, all claims for actions that arose prior to August 7, 2004 are time-barred.  A bulk of the factual averments in Plaintiff's complaint took place in 2003 through the Spring of 2004. As such, those claims are time-barred.

### CONCLUSION:

For the foregoing reasons, we find that Plaintiff has not stated a claim upon

9

which relief can be granted as against any of the moving Defendants, and we shall accordingly grant the instant Motion, thereby dismissing the action as it pertains to them.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion to Dismiss of Perry County Defendants (doc. 15) is GRANTED.

2.      The Clerk shall terminate the following individuals as Defendants to this action: Charles F. Chenot III, Lynne E. Chenot, John J. Amsler, Jr., Alice Ann Amsler, Warren R. Van Buskirk, Irene S. Van Buskirk, Edward R. Kennedy and Nada B. Kennedy.

s/ John E. Jones III
John E. Jones III
United States District Judge