IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DALE SODER, | : | No.  4:CV 06-1522 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| CHARLES FREDRIC CHENOT, III, et. al, | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### April 11, 2007

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, or, in the alternative, Motion for More Definite Statement Pursuant to Rule 12(e) (doc. 13)("the Motion") filed on November 17, 2006 by Defendants John Kerns, John Melville, Greg Gordon and William Minor (collectively "Moving Defendants").  For the following reasons, the Motion will be granted.

**PROCEDURAL HISTORY**:

*Pro se* Plaintiff Jeffrey Dale Soder ("Plaintiff") filed the instant civil rights action in this Court on August 7, 2006 (doc. 1), against numerous Defendants arising out of various alleged criminal actions by members of the Millerstown

Borough Police Department that purportedly occurred in 2003 through the Spring of 2004. Plaintiff was granted *in forma pauperis* status and the United States Marshal to ordered served the named Defendants.[1]

As aforementioned, the instant Motion (doc. 153 was filed on November 17, 2006. The Moving Defendants filed a brief in support (doc. 16) of the Motion on November 29, 2006. Albeit untimely, Plaintiff filed a brief in opposition (doc. 21) to the Motion on December 28, 2006.[2] The Moving Defendants filed a reply brief (doc. 25) on January 4, 2007. The Motion is fully briefed and therefore ripe for our review.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

---

[1] The only Defendants who did not execute a waiver of service or answer the complaint are Defendants Richard Charles Curran and Tina Curran. It is known to the Court that Defendant Tina Curran is deceased and that Defendant Richard Curran is the accused slayer. The Court is additionally aware that pending criminal homicide charges remain in place against Defendant Richard Curran as a result of Mrs. Curran's death. The United States Marshal attempted service on Defendant Curran at the Northumberland County Prison, but was unsuccessful in that Defendant Richard Curran had been transferred. In a separate Order we shall direct the United States Marshal to serve Defendant Curran forthwith at his current place of incarceration.

[2] In light of the Plaintiff's *pro se* status, we shall, in the interest of justice, consider his brief in opposition and the arguments contained therein in the disposition of the instant Motion.

1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**STATEMENT OF FACTS**:

The instant civil rights action filed by Plaintiff against numerous Defendants arises out of alleged criminal actions by members of the Millerstown Borough Police Department that purportedly occurred in 2003 through the Spring of 2004. Defendant Kerns is the Mayor of Millerstown Borough and Defendants Melville, Gordon and Minor are members of the Millerstown Borough Council.

With respect to Defendant Kerns and Gordon, the following are the sole factual averments relating to them contained in the complaint: that he approved or authorized Police Chief Richard Curran's actions in waiting outside Plaintiff's residence for Plaintiff's return on an unspecified date prior to the spring of 2004,

purportedly to harass Plaintiff; that he allowed Curran's relocation of VASCAR pavement lines on an unspecified date prior to the spring of 2004, to increase ticket issuance and traffic law enforcement; and that he stated, on or about September 15, 2003, that reports of a traffic accident involving a Borough police cruiser were mere rumors started by Plaintiff, "a known liar."  (Complaint, ¶¶ VIII, IX, XIII, XVI, XVII,, XIX).

With respect to Defendant Melville, the following are the sole factual averments relating to him contained in the complaint: that he allowed Curran's relocation of VASCAR pavement lines on an unspecified date prior to the spring of 2004, to increase ticket issuance and traffic law enforcement; and that he stated, on or about September 15, 2003, that reports of a traffic accident involving a Borough police cruiser were mere rumors started by Plaintiff, "a known liar."  (Complaint, ¶¶ IX, XIII, XVI, XVII, XIX).

With respect to Defendant Minor, the following are the sole factual averments relating to him contained in the complaint: that he witnessed Curran poke Plaintiff in the chest with his finger, express derision regarding Plaintiff's constitutional rights, and threaten to take Plaintiff to the ground, handcuff Plaintiff, and incarcerate Plaintiff on an unspecified date prior to the spring of 2004;  that he approved or authorized Curran's actions in waiting outside Plaintiff's residence for

Plaintiff's return on an unspecified date prior to the spring of 2004; that he allowed Curran's relocation of VASCAR pavement lines on an unspecified date prior to the spring of 2004, to increase ticket issuance and traffic law enforcement; that he stated, on or about September 15, 2003, that reports of a traffic accident involving a Borough police cruiser were mere rumors started by Plaintiff, "a known liar;" and that he conducted or participated in a traffic stop of Plaintiff's wife in late July of 2003. (Complaint, ¶¶ VII, IX, X, XIII, XVI, XVII, XIX).

In Paragraph XXVII of the Complaint, Plaintiff further identified Defendants Mary Kerns, Jane Doe Minor and Dixie Gordon as wives of the Perry County Public Officials, alleging that they are "Socialist-Queens, enjoying and living on the Largess and Unlawful spoils brought home by their husbands" and suggests in Paragraph XXVIII that they "failed, refused or neglected to protect Plaintiff from the conspiracy of their husbands." Plaintiff names Louise Melville as a Defendant, but does not include her in these paragraphs, although we can infer that the Plaintiff meant to include her along with the other wives of the Defendants.

**DISCUSSION**:

### A.     42 U.S.C. § 1983 Claim

"Individual" capacity suits under 42 U.S.C. § 1983 seek to impose general liability upon a government official for actions taken under color of state law. See

...

Kentucky v. Graham, 473 U.S. 159, 165 (1985). To establish personal liability against a defendant in a §1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). It is well established that a supervisory official's mere failure to at in the face of allegedly unconstitutional conduct committed by a subordinate cannot be the basis for imposition of Section 1983 liability. See Rizzo, 423 U.S. at 376 (1976). In order to establish supervisory liability, a plaintiff must show an "affirmative link" between the supervisor's conduct ad the constitutional deprivation. Rizzo, 423 U.S. at 371. Accordingly, supervisory personnel are only liable for the Section 1983 violations of a subordinate if they knew of, participated in or acquiesced in the subordinate's conduct. See Capone v. Marinelli, 838 F. 2d 102, 106 n. 7 (3d Cir. 1989)(citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

The Defendants argue that there is no allegation in the complaint that the moving Defendants knew of, participated in, or acquiesced in any type of unconstitutional conduct by any of their subordinates, nor is there any allegation or evidence of an unconstitutional custom, practice or usage that might indicate they condoned or authorized the alleged unconstitutional behavior of a subordinate.

Furthermore, any allegations that the moving Defendants "authorized" actions by Defendant Curran do not establish a *prima facie* case under §1983 because the actions allegedly "authorized" by some of the moving Defendants do not establish a violation of Plaintiff's constitutional rights.

Furthermore, Plaintiff's bald assertion that these Defendants "attempt to impose totalitarian Socialism upon the People," (doc. 1 at ¶XXIII), is obviously insufficient to state a claim for a violation of Plaintiff's civil rights.

Accordingly, we find that Plaintiff has stated no cognizable claim against Defendants Kerns, Melville, Gordon and Minor.

### B. Claims against Defendants' Wives

In Paragraph XXVII of the complaint, Plaintiff alleges that Defendants's wives "failed, refused or neglected to protect Plaintiff from the conspiracy of their husbands."[3] From Plaintiff's brief in opposition to the Motion, it is apparent that he brought a claim against the wives of certain Defendants because he was aggrieved that his "Soul-mate . . . Barbara" was criminally prosecuted, allegedly solely based on her association with Plaintiff. (Rec. Doc. 20 at 3).

Inasmuch as Plaintiff has pled no specific conduct by these Defendants, nor

---

[3] This is not only a bizarre allegation, but one that walks right up to, if not across, the line that would expose Plaintiff to sanctions under Fed. R. Civ. P. 11.

has he alleged that they acted under color of law, he has stated no cognizable §1983 claim against them, the Motion shall accordingly be granted as to them.

### C.    First Amendment Claim

Although the complaint purports to assert a First Amendment claim, Plaintiff fails to identify any First Amendment protected activity in which he purportedly engaged or in which he sought to engage.  Nor does Plaintiff identify any actions by the moving Defendants to hinder his exercise of, or to retaliate against him for the exercise of, activities protected by the First Amendment.  To the extent that the complaint purports to assert a First Amendment claim, it plainly fails to state a cognizable cause of action and must be dismissed.

### D.    Fourth Amendment Claim

Plaintiff avers that Defendant Minor performed or participated in a traffic stop of Plaintiff's wife, with no legitimate purpose, toward the end of July of 2003. Plaintiff does not have standing to assert a deprivation of his wife's Fourth Amendment rights.  Section 1983 only permits suit for the abridgment of one's own constitutional rights.  Quitmeyer v. Southeastern Pa. Trans. Auth., 740 F. Supp. 363, 370 (E.D.Pa. 1990).  Accordingly, this claim fails.

### E.    Sixth Amendment Claim

Plaintiff purports to allege a claim against the moving Defendants for a


violation of his Sixth Amendment rights. The Sixth Amendment provides that all criminal defendants "shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. There is simply no factual basis in the complaint for the assertion of a Sixth Amendment claim against the moving Defendants.

### F.    Ninth and Tenth Amendment Claim

Plaintiff's complaint purports to allege a claim against the moving Defendants for a violation of his Ninth and Tenth Amendment rights. Plaintiff avers in a conclusory fashion that "Defendants . . . deprived Plaintiff of his 9th and 10th Amendment Rights, which protect him from Oath-breaking so-called 'public servants' who wallow at the trough of the Public dole while trampling upon Plaintiff's Constitutional Rights." (Complaint, ¶XXII).

The Ninth Amendment does not independently secure any substantive constitutional rights, but rather has been interpreted to be a rule of construction. Gagliardi v. Clark, 2006 U.S. Dist. LEXIS 70509, *49-51 (W.D. Pa. 2006)(internal citations omitted). A §1983 civil rights claim premised on the Ninth Amendment fails because there are no constitutional rights secured by that amendment.

The Tenth Amendment provides that, "[t]he powers not delegated to the

United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.  There are simply no factual averments in the complaint that implicate the Tenth Amendment.  This claim fails as well.

### G. Fourteenth Amendment Claim

Plaintiff alleges in a conclusory fashion that the Defendants deprived him of his right to life, liberty, or property without due process of the law, and of his rights to equal protection under the law. (Complaint, ¶XXXXIV(c)).  Plaintiff's Fourteenth Amendment Claim is simply not supported by a statement that simply restates the language of the Amendment, and is not supported by any minimal factual averment.

To succeed in a substantive due process claim under §1983, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies.  Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000).  If a plaintiff makes that showing, a violation of substantive due process rights by an executive official is proven if: (1) the official deprived the plaintiff of the protected property interest; (2) through actions that were so arbitrary and egregious as to shock the conscience.  County of Sacramento v. Lewis, 523 U.S. 833, 846047 (1998).  Plaintiff has not

identified any fundamental right of which he was allegedly deprived by the moving Defendants. Moreover, Plaintiff has not identified any conduct by the moving Defendants that "shocks the conscience." Accordingly, Plaintiff has not pled any facts capable of supporting a substantive due process claim.

To state a claim under §1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or "property," and (2) the procedures available to him did not provide "due process of law." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). A review of Plaintiff's complaint reveals that he has simply pled no facts to maintain a procedural due process claim against the moving Defendants.

The equal protection clause of the Fourteenth Amendment provides that no State shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Plaintiff has not alleged within his complaint that he was deprived of his right to equal protection because he has not alleged that he was treated differently than similarly situated persons; nor has Plaintiff alleged that a decision to treat him differently was made on the basis of an unjustifiable standard, such as race, religion, or any other impermissible factor. See Government of the Virgin Islands v. Harrigan, 791 F.2d 34, 36 (3d Cir. 1986);

Batson v. Kentucky, 476 U.S. 79, 93 (1986); Keenan v. City of Philadelphia, 983 F.2d 459, 465 (3d Cir. 1992); Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990).

### H. Civil Conspiracy Claim

Plaintiff's complaint purports to state a claim of civil conspiracy pursuant to 18 U.S.C. § 1961.  To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (d) of racketeering activity.  See Lum v. Bank of America, 361 F. 3d 217, 223 (3d Cir. 2004).  A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes.  18 U.S.C. §1961(1), (5).

A review of the complaint reveals that Plaintiff has not alleged *any* facts from which one could infer an agreement or understanding amongst the Defendants to violate the Plaintiff's rights, constitutional or otherwise.  Nor has the Plaintiff alleged facts that colorably meet any of the RICO touchstones as set forht above.  Accordingly, we shall dismiss Plaintiff's civil conspiracy claim.

**CONCLUSION**:

Accordingly, for the foregoing reasons, we shall grant the Defendants' Motion and dismiss the complaint as against them for Plaintiff's failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Dismiss (doc. 13) is GRANTED.

2. The following Defendants shall be terminated as parties to this action: John Kerns, John Melville, Greg Gordon, William Minor, Mary Kerns, Louise Melville, Dixie Gordon and Jane Doe Minor.

3. All claims against Defendant Tina Curran, who is deceased are DISMISSED.[4]  The Clerk shall terminate Tina Curran as a party to this action.

>       s/ John E. Jones III
>       John E. Jones III
>       United States District Judge

---

[4] While under certain circumstances Plaintiff could endeavor to serve Defendant Tina Curran's estate via her personal representative (if any), the claims against her are so utterly bereft of merit that for the same reasons as substantially set forth hereinabove, we will put an end to them on our own initiative pursuant to 28 U.S.C. § 1915(e)(2)(A)(ii).