IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY DALE SODER, | : | |
| Plaintiff, | : | |
| | : | Civil No. 4:CV-06-1522 |
| v. | : | |
| | : | Judge John E. Jones III |
| CHARLES FREDRIC CHENOT III, | : | |
| *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

December 20, 2007

This case is before the Court for screening pursuant to 28 U.S.C. § 1915(e), as well as the Plaintiff Jeffrey Dale Soder's "Motion to Show Cause" why the complaint has not been served on the remaining defendants in this action (Doc. 35). For the reasons set forth below, the complaint shall be dismissed and Soder's motion to show cause shall be denied.

## I.   BACKGROUND

Soder filed his *pro se* § 1983 complaint on August 7, 2006, naming ten public officials and their wives as defendants. (Doc. 1.) Soder generally alleges that the defendants violated his constitutional rights in connection with alleged harassment by a police officer. Soder also filed a request to proceed *in forma*

*pauperis* (Doc. 2), which was granted by the Court (Doc 6).  By three separate orders, the Court dismissed Soder's complaint as to eighteen of the defendants.  (Docs. 18-19, 28, 33.)  The Court will detail only the procedural and factual background relating to the two remaining defendants in this action.

According to the complaint, Defendant Curran was the chief of police of the Borough of Millerstown.  The complaint alleges that Curran "assaulted" Soder "by stabbing [his] index finger into the chest of Mr. Soder."  (Compl. ¶ VII.)  Soder further alleges that Curran "went on a campaign of retaliation toward the Soder family" by waiting outside their home, making traffic stops of Soder's wife's vehicle, following Soder's son around Millerstown, and following the Soders around a local carnival.  (Compl. ¶¶ VIII-XII.)  The complaint further alleges that Curran slandered Soder by calling him a liar and giving false testimony.  (Compl. ¶¶ XIII-XIV.)  Finally, the complaint alleges that Curran obtained Soder's social security number and "did use said numers and/or information (Fruit) obtained from a poisonous tree to go on a campaign of TERROR inflicted on Mr. Soder and the Soder family."  (Compl. ¶ XV [emphasis in original].)

On August 30, 2006, the Court granted Soder's application to proceed *in forma pauperis* and ordered the United States Marshals Service to serve the complaint on the defendants.  (Doc. 6.)  An attempt was made to serve Curran, but

2

on April 10, 2007, the Marshal Service reported that Curran had been committed to the Norristown State Hospital in Norristown, Pennsylvania, located in the Eastern District of Pennsylvania. (Doc. 31.) On April 11, 2007, the Court directed the Marshals Service to attempt to serve Curran at Norristown State Hospital, and summons was re-issued for that purpose. (Doc. 32.) The Marshals again attempted service, but on June 26, 2007, the Marshals Service indicated that Curran is no longer committed to the hospital. (Doc. 34.) On November 9, 2007, Soder filed a "motion to show cause" requesting that the Marshals Service explain why Curran has not been served. (Doc. 35.)

Soder's complaint also names as defendants each of the wives of the ten public officials named as defendants. One such defendant is "Jane Doe Biehle", purportedly the wife of the now-dismissed defendant Allen D. Biehle. The only claim asserted against the wives, including Jane Doe Biehle, is that they "failed, refused or neglected to protect Plaintiff from the conspiracy of their husbands and said failure is intentional, purposeful and malicious." (Compl. ¶ XXVIII.) All claims against the other wives and Allen D. Biehle have previously been dismissed. (Docs. 18-19, 28, 33.)

The complaint seeks $1,000,000 in damages and $2,000,000 in punitive damages from each defendant, "payable to the Plaintiff in Constitutional Lawful

Money redeemable in gold or silver coin as set forth in Article 1, Sec. 10 of the constitution." (Compl. ¶¶ XXXIII-XXXVI.)

## II.  STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2)(B) states that where a plaintiff is granted permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e)(2)(B)(i) gives a court the authority to "dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Thus, in determining whether a claim is frivolous, "a court is not bound ... to accept without question the truth of the plaintiff's allegations" and the court need not "accept as having an arguable basis in fact, all allegations that cannot be rebutted by judicially noticeable facts." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim on which relief may be granted if, with all well-pleaded allegations taken as true, and viewed in the light most favorable to plaintiff, it does not state any valid claim for relief. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). In applying § 1915(e)(2)(B)(ii), the Court applies the same standard used when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse*, 132 F.3d at 906. The Court need not, however, credit the plaintiff's "bald assertions" or "legal conclusions." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Erickson v. Pardus*, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007).

**III.   DISCUSSION**

For the reasons set forth below, Soder's claims against both Curran and Jane Doe Biehle shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A.     Claims Against Curran

Soder claims that Curran, and every other defendant in this action, violated his First, Fourth, Sixth, Ninth, Tenth and Fourteenth Amendment rights. (Compl. ¶¶ III, XXXXIV.) All of Soder's claims are either frivolous or fail to state a claim upon which relief may be granted, and therefore will be dismissed.

#### 1.     First Amendment Claim

Although the complaint states that this action arises under the First Amendment, Soder fails to allege any First Amendment protected activity in which he engaged. Nor does Soder allege any actions by Curran that hindered his exercise of, or retaliated against him for the exercise of, activities protected by the First Amendment. The complaint almost literally fails to state a First Amendment claim and therefore any such purported claim shall be dismissed.

#### 2.     Fourth Amendment Claim

Soder alleges that Curran violated his right "to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments." (Compl. ¶ XXXXIV(a).) Soder alleges that Curran made two routine traffic stops of his wife, followed his son around town on one occasion, and followed Soder and his family around a local carnival. (Compl. ¶¶ IX-XII.) These allegations are insufficient to state a Fourth Amendment claim.

6

As an initial matter, Soder has no standing to assert a § 1983 claim on behalf of his wife or son. *See Allee v. Medrano*, 416 U.S. 802, 829-30 (1970) (holding "a named plaintiff cannot acquire standing to sue by bringing his action on behalf of others who suffered injury which would have afforded them standing had they been named plaintiffs; it bears repeating that a person cannot predicate standing on injury which he does not share."); *Hogan v. City of Easton*, 2004 WL 1836992, at *6 (E.D. Pa. Aug. 17, 2004) ("It is well-established ... that a spouse has no standing to assert § 1983 claims that are premised on violations of the other spouse's civil rights") (collecting cases); *Pokrandt v. Shields*, 773 F. Supp. 758, 763 (E.D. Pa. 1991). Soder has failed to state a claim with regard to the allegations involving his wife and son.

Further, Soder's Fourth Amendment claims fail because he has not alleged any unreasonable search or seizure. Soder does not allege a search of any kind. A person is "seized" for purposes of the Fourth Amendment only when, by means of physical force or a show of authority, his freedom of movement is restrained, and only if a reasonable person in such circumstances would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 553-54 (1980). A seizure requires the application of physical force or submission to asserted authority. *California v. Hodari D.*, 499 U.S. 621, 626-27 (1991). Curran's

following Soder around a carnival involves neither, and no reasonable person would believe he was not free to leave in such circumstances.[1] Soder has not alleged any seizure by Curran.

Any potential malicious prosecution must fail for the same reason. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007). Although the complaint does not allege so expressly, a liberal reading of Soder's claims suggests an assertion that he was the subject of some criminal proceeding which ended in his favor. (*See* Compl. ¶¶ XIV, XVIII.) Soder, however, has not alleged that he suffered any deprivation of liberty as a consequence, and therefore has failed to state a claim for malicious prosecution.

### 3.     Sixth Amendment Claim

---

[1] Although a routine traffic stop is a seizure within the meaning of the Fourth Amendment, *see Whren v. United States*, 517 U.S. 806, 809 (1996); *United States v. Mosley*, 454 F.3d 249, 254 (3d Cir. 2006), as noted above, only Soder's wife, not Soder himself, was subject to a traffic stop.

Soder asserts that Curran and the other defendants deprived him of his Sixth Amendment right "to be informed of the nature and cause of the accusation against him." (Compl. ¶ XXXIV(b).)  Soder also asserts that the defendants deprived him of the right "to hear [sic] by a Jury of his Peers." (Compl. ¶ XXXXIV(d).)  The Sixth Amendment "affords individuals rights to a speedy trial, to an impartial jury, to know the nature and cause of a criminal accusation, to be confronted with the witnesses against them, and to effective assistance of counsel." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 (3d Cir. 2000).  This case does not involve a criminal proceeding, and the complaint contains absolutely no factual allegations that support a claim against Curran, or any other defendant, for violation of any Sixth Amendment right.  Any purported Sixth Amendment claim shall be dismissed.

### 4. Ninth and Tenth Amendment Claims

Soder asserts, again in a conclusory fashion, that Curran deprived him of his Ninth and Tenth Amendment rights "which protect him from Oath-breaking so-called 'public servants' who wallow at the trough of the Public dole while tramping upon Plaintiff's Constitutional Rights." (Compl. ¶ XXII.)  These claims are patently frivolous.

The Ninth Amendment provides: "The enumeration in the Constitution, of

certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment is a rule of construction, clarifying that an enumerated Bill of Rights does not imply federal authority in unenumerated areas, and by itself does not confer substantive rights for purposes of § 1983. *See Onyiuke v. N.J. State Sup. Ct.*, 435 F. Supp. 2d 394, 409 (D.N.J. 2006); *Nicolette v. Caruso*, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003); *Basile v. Elizabethtown Area Sch. Dist.*, 61 F. Supp. 2d 392, 403 (E.D. Pa. 1999). Therefore, any purported Ninth Amendment claim is dismissed.

The Tenth Amendment provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Like the Ninth Amendment, the Tenth Amendment has never been recognized as independently securing any substantive constitutional rights cognizable in a § 1983 cause of action. *Strandberg v. City of Helena*, 791 F.2d 744, 748-49 (9th Cir. 1986). Any purported Tenth Amendment claim shall also be dismissed.

### 5.     Due Process Claims

Soder alleges that Curran, and the other defendants, deprived him of "life, liberty, or property without due process of law." (Compl. ¶ XXXXIV.) Soder does not specify whether he is asserting a procedural or substantive due process

claim. Regardless, he has failed to state either claim against Curran.

In evaluating a procedural due process claim, a court must determine "(1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.*

The complaint does not allege any property or liberty interest protected by the Due Process Clause. Soder's allegations of slander and defamation do not provide a basis for a procedural due process claim. "Reputation alone is not an interest protected by the Due Process Clause. Rather, to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." *Hill*,

11

455 F.3d at 236 (citations and emphasis omitted). Soder alleges that the defendants' actions made him "unable to attend to his duties of his profession as a Pipefitter, for a period of almost four years." (Compl. ¶ XXXIII.) This interest in private employment, however, is not a sufficient basis for a procedural due process claim. *Cooley v. Barber*, 2007 WL 2900550 at *6 (3d Cir. Oct. 4, 2007) (stating "neither the Supreme Court nor any other Court of Appeals has recognized a protected interest in private employment"). Because Soder has failed to allege any protected liberty or property interest, his procedural due process claim shall be dismissed.

Any purported substantive due process claim must be dismissed for the same reason. To state substantive due process claim, "a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). Even then, "not all property interests worthy of procedural due process protection are protected by the concept of substantive due process. Rather, to state a substantive due process claim, a plaintiff must have been deprived of a particular quality of property interest." *Id.* Here, Soder has not alleged any protected interest, let alone the fundamental type of interest protected by substantive due process, and therefore his substantive due

process claim must be dismissed.

### 6. Equal Protection Claim

Soder generally alleges that Curran, and the other defendants, deprived him of "the right to the equal protection of the laws secured by the Fourteenth Amendment." (Compl. ¶ XXXXIV.) The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This clause requires that states not create a classification that disadvantages a suspect class or impinges upon a fundamental right unless their purpose is narrowly tailored to further a compelling governmental interest. *Plyler v. Doe*, 457 U.S. 202, 216-17 (1982). Similarly, states cannot create a classification that disadvantages a quasi-suspect class unless their purpose is substantially related to an important government interest. *United States v. Virginia*, 518 U.S. 515, 533, (1996). Finally, if no suspect or quasi-suspect class is involved and no fundamental right is burdened, a state may create a classification so long as it is rationally related to a legitimate state interest. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 83 (2000). Soder does not allege that he is a member of a suspect or quasi-suspect class.

The Supreme Court has also recognized a "class of one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam).

Under that theory, a plaintiff states a claim for violation of the Equal Protection clause when he "alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564. "[A]t the very least, to state a claim under that theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill*, 455 F.3d at 239. Soder's equal protection claim also fails under the "class of one" theory because he has not identified other similarly situated individuals from whom he was treated differently. *See id.* Further, Soder's general allegations of selective enforcement do not state an equal protection claim. *See* Thomas v. Independence Twp., 463 F.3d 285, 298 n.6 (3d Cir. 2006) ("The complaint also alleges in generic terms that the Individual Defendants 'enforced [the law] in a selective fashion against them in retaliation for exercising their [c]onstitutionally protected rights.' However, a pure or generic retaliation claim simply does not implicate the Equal Protection Clause."). Soder's bare assertion that his equal protection right was violated is insufficient to state a Fourteenth Amendment claim.

### 7.    RICO Claim

The cover sheet and prayer for relief of the complaint state that Soder seeks

relief under the civil RICO statute, 18 U.S.C. § 1961, *et seq*. The body of the complaint however, fails to allege any facts supporting a RICO claim. To state a civil RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. *Lum v. Bank of America*, 361 F. 3d 217, 223 (3d Cir. 2004). A "pattern of racketeering activity" requires "at least two acts" of conduct indictable under various enumerated federal criminal statutes. *Id.*; 18 U.S.C. §1961(1), (5). The complaint concludes that "Defendants conspired together and with other as yet unknown to Plaintiff to deprive him of his Constitutional Rights." (Compl. ¶ XX.) However, Soder fails to supports this conclusory statement with any factual allegations. Soder has not alleged any facts suggesting an agreement or understanding among the defendants to violate the his rights, nor has he alleged facts that meet any of the RICO touchstones set forth above. Accordingly, Soder's RICO claim shall be dismissed.

### 8.     Various State Criminal Statutes and Torts

Throughout his complaint, Soder cites to numerous Pennsylvania criminal statutes and charges Curran with various state-law crimes. (Compl. ¶¶ VII-XIII, XV.) Unconnected to any factual allegation, Soder also throws in an allegation that the defendants committed "unlawful arrest, false imprisonment, [and] Kidnapping." (Compl. ¶ XXXXIII.) Obviously, Soder, a private individual plaintiff cannot

enforce state criminal laws against Curran in this civil action before a federal court. Equally clear is that "it is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under section 1983." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 402 (3d Cir. 2003). Soder's references to state-law torts and criminal statutes do not provide the basis for a proper § 1983 claim.

### B. Claims Against Jane Doe Biehle

Soder's claims against Jane Doe Biehle are clearly frivolous and malicious, and therefore will also be dismissed. A claim asserted against an individual solely because she is married to a named defendant is an exemplar of the baseless and wanton litigation that § 1915(e) is meant to weed out. Further, Soder has not, and cannot, state a claim against Jane Doe Biehle. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Jane Doe Biehle is not alleged to have any personal involvement in any purported deprivation of Soder's constitutional rights, *see Rode v. Dellarciprete*, 845 F.2d

1195, 1207 (3d Cir. 1988), nor is she alleged to have taken any action under color of law.  Soder's claims against Jane Doe Biehle are frivolous, malicious, and fail to state a claim upon which relief may be granted.  These claims shall be dismissed.

### C. Statute of Limitations

It is also clear from the face of the complaint that most, if not all, of Soder's claims are barred by the statute of limitations.  Section 1983 claims are subject to state statutes of limitations governing personal injury actions.  *Garvin v. City of Philadelphia*, 354 F.3d 215, 200 (3d Cir. 2003).  The Pennsylvania statute of limitations for personal injury actions is two years.  42 Pa. Cons. Stat. § 5524(7).

Soder filed this action on August 7, 2006.  Therefore, claims arising before August 7, 2004 are time-barred.  Many of the facts in the complaint are expressly alleged to have occurred before this time.  (Compl. ¶¶ X, XII, XIII, XVI.)  Further, Soder states that he initiated state court proceedings in 2003 to address these allegations.  (Compl. ¶¶ XVII, XIX.)  Soder thus acknowledges he was aware of the basis for his claims more than two years prior to the filing of this action.  Soder's claims are therefore barred by the statute of limitations.

### IV. CONCLUSION

For the foregoing reasons, Soder's claims against Defendants Curran and Jane Doe Biehle shall be dismissed pursuant to 28 U.S.C. § 1915(e).  Because of

the frivolous and wholly unsupported nature of Soder's claims, this dismissal shall be with prejudice. Given the disposition of his remaining claims, Soder's motion to show cause shall be denied as moot. An appropriate order shall be entered.